

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

**Ogeda Lejuan Patrick**

                Plaintiff(s),

vs.

                Case No. 21-cv-1667 WMW/HB
                (To be assigned by Clerk of District Court)

**State of Minnesota;**
**Comerica Bank & Trust;**
**Fredrickson & Byron Law Firm;**
**Bremer Bank & Trust**

                DEMAND FOR JURY TRIAL

                YES ☐   NO ☑

                Defendant(s).

(Enter the full name(s) of ALL defendants in this lawsuit. Please attach additional sheets if necessary).

## COMPLAINT

**PARTIES**

1. List your name, address and telephone number. Do the same for any additional plaintiffs.

   a. Plaintiff

| | |
|---|---|
| Name | **Ogeda Lejuan Patrick** |
| Street Address | **4156 Hanes Drive** |
| County, City | **Dekalb, Decatur** |
| State & Zip Code | **Georgia, 30035** |
| Telephone Number | **(770) 744-6544** |



2. List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption.

   a. Defendant No. 1

      | | |
      |---|---|
      | Name | **State of Minnesota** |
      | Street Address | **Dr. Martin Luther King** |
      | County, City | **Minneapolis** |
      | State & Zip Code | **Minnesota, 55401** |

   b. Defendant No. 2

      | | |
      |---|---|
      | Name | **Comerica Bank & Trust** |
      | Street Address | **1717 Main Street** |
      | County, City | **Dallas** |
      | State & Zip Code | **Texas 75201** |

   c. Defendant No. 3

      | | |
      |---|---|
      | Name | **Fredrickson & Byron Law Firm** |
      | Street Address | **200 South 6th Street** |
      | County, City | **Minneapolis** |
      | State & Zip Code | **Minnesota, 55402** |

**NOTE: IF THERE ARE ADDITIONAL PLAINTIFFS OR DEFENDANTS, PLEASE PROVIDE THEIR NAMES AND ADDRESSES ON A SEPARATE SHEET OF PAPER.**
Check here if additional sheets of paper are attached: [✓]
Please label the attached sheets of paper to correspond to the appropriate numbered paragraph above (e.g. Additional Defendants 2.d., 2.e., etc.)

JURISDICTION

Federal courts are courts of limited jurisdiction. Generally, two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount of damages is more than $75,000 is a diversity of citizenship case.

3. What is the basis for federal court jurisdiction? *(check all that apply)*

   [✓] Federal Question      [✓] Diversity of Citizenship

4. If the basis for jurisdiction is Federal Question, which Federal Constitutional, statutory or treaty right is at issue? List all that apply.

   **Yes. The actions committed against me constitute violations of my 14th Amendment rights to due process.**

5. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party? Each Plaintiff must be diverse from each Defendant for diversity jurisdiction.

   Plaintiff Name:   **Ogeda L. Patrick**      State of Citizenship: **Georgia**

   Defendant No. 1: **State of Minneapolis**   State of Citizenship: **Minnesota**

   Defendant No. 2: **Comerica Bank & Trust**  State of Citizenship: **Texas**

   **Attach additional sheets of paper as necessary and label this information as paragraph 5.**
   **Check here if additional sheets of paper are attached.** [✓]

6. What is the basis for venue in the District of Minnesota? *(check all that apply)*

   [✓] Defendant(s) reside in Minnesota   [✓] Facts alleged below primarily occurred in Minnesota
   [✓] Other: explain

   **Probate of Prince Nelson Estate is being adjudicated in Minnesota, as well at least two of the defendants are headquartered in Minnesota.**

STATEMENT OF THE CLAIM

Describe in the space provided below the basic facts of your claim. The description of facts should include a specific explanation of how, where, and when each of the defendants named in the caption violated the law, and how you were harmed. Each paragraph must be numbered

3

separately, beginning with number 7.  Please write each single set of circumstances in a separately numbered paragraph.

7.

**Attach additional sheets of paper as necessary.**
**Check here if additional sheets of paper are attached:** ✓
**Please label the attached sheets of paper to as Additional Facts and continue to number the paragraphs consecutively.**

REQUEST FOR RELIEF

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking.

**I am seeking a hearing to adjudicate paternity through the presentation of evidence as such opportunity is madantory as described in Minnesota Rules of General Practice 373.10. Because previous repeated failure to do so has been a vast violation of my rights to due process as provided by the 14th Amendment, costing me possibly hundreds (100's) of millions of dollars in lost revenue, as well as the intentional infliction if emotional distress, if proven to be the Heir, I am also seeking damages in the amount of $250 Million.**

Signed this **15th**     day of **July,**  2021

Signature of Plaintiff  _____

Mailing Address     **Ogeda L. Patrick**
**4156 Hanes Drive**
**Decatur, GA 30035**

Telephone Number    **(770) 744-654**

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide his/her mailing address and telephone number.  Attach additional sheets of paper as necessary.

5

# COMPLAINT ADDITIONAL INFORMATION

2.(d)

    Defendant #4: Bremer Bank & Trust      Address: 372 Saint Peter St, Saint Paul, MN 55102

5.(3) Defendant #3: Bremer Bank & Trust      State of Citizenship: Minnesota

(4) Defendant #4: Fredrickson & Byron Law Firm      State of Citizenship:

                                               Minnesota

The Prince Nelson Estate is being probated in the county of Carver County (MN). The Personal Representative is Comerica Bank & Trust, which is represented by The Fredrickson and Byron Law Firm , the Administrator for the Estate.

1] On May 18, 2016 The Court entered an order entitled "Order Regarding Claims Pursuant To The Parentage And Probate Act". The process resulting from which for establishing paternity in the Prince Nelson Estate became known as "The Protocol".

Because Prince left no will, the Court thought it to be necessary to create a protocol to deal with the anticipated enormous response of people alleging to be heirs. This was a protocol that usurped my constitutional rights to due process as well as the intent and purpose of the legal system of the state of Minnesota by overriding certain statutes, namely some of the important statutes listed below from the order, statutes invoked by myself throughout my endeavor to provide evidence of and prove paternity, statutes implemented by the Minnesota Legislature intended for application in paternity actions.

**Minnesota Statute**

**257.65 CIVIL ACTION**, states that:

An action under sections **257.51** to **257.74** is a civil action governed by the Rules of Civil Procedure. The mother of the child and the alleged father are competent to testify and may be compelled to testify. Sections **257.62** and **257.63** apply to proceedings under this section.

There are two intents conveyed by this statute that prove my point. One, that: actions under sections **257.51** to **257.74** are civil actions governed by the Rules of Civil Procedure and two, that Sections **257.62** and **257.63** apply to proceedings under this section. It is quite clear that the Minnesota Legislature intended that sections **257.62** and **257.63** be kept accessible and applicable in actions filed under **257.51** to **257.74** and not excluded under any circumstance.

The Court instead enacted it's very own laws and paternity establishing procedures ("The Protocol ") for adjudicating matters during The Prince Estate's probate process, especially (although this had never been necessary before in any other probate case). "The Protocol", intentionally precluded access to Minnesota Statute 257.63 and nullified its applicability in proving paternity, notwithstanding Minnesota Statute 257.65 objective in clarifying 257.63 inextricable role in proving paternity.

(The"Protocol"), which was proposed by the following words from the Special Administrator, concurred by and judgment officially entered by Judge Eide stated:

"The Special Administrator requests that the Court endorse a procedure for the testing of those claiming to be heirs of the decedent. In light of Minnesota law, see, e.g., Minn. Stat. §§257.62, 524.1-201(6), 201(11), 201(22), 201(23) & 201(24), 201(27), and 524.2-116 & 117, the Court hereby ORDERS that the following) procedure <u>govern</u> the lodging of such claims and any subsequent genetic testing)."

In contrast to:

**The Minnesota Rules For District Court which state:**

**484.81 PLEADING; PRACTICE; PROCEDURE.**

Subd. 1.General.

"Pleading, practice, procedure, and forms in civil actions shall be governed by Rules of Civil Procedure which shall be adopted by the Supreme Court."

Subd. 2.Court rules.

"The court may adopt rules <u>governing</u> pleading, practice, procedure, and forms for civil actions which are not inconsistent with the provisions of governing statutes."

It appears that the intent of this effort was to circumvent the laws of Minnesota, however inadvertent, and to bilk the Estate that truly belongs to myself of 10's of millions in cash and possibly 100's of millions in lost profit-making through their avoidance of my adjudication of paternity.

There was, then and now, laws in the state of Minnesota that govern paternity and probate actions. Although there was an anticipated overwhelming response from those alleging to be heirs of the Prince Estate, the Court would at the very least would have had to designate the Estate as one that qualifies as a Complex Case and proceed under the terms described in **Rule 146 of The Minnesota Rules of General Practice**, of which the description of is listed below.

### Complex Case Program

"The purposes of the Complex Case Program ("CCP") are to promote effective and efficient judicial management of complex cases in the near district courts, avoid unnecessary burdens on the court, keep costs reasonable for the litigants and to promote effective decision making by the court, the parties and counsel."

Even if the Court had proceeded under this standard (which it did not) it still would not have given the Court the right to enact their very own laws inconsistent with the provisions of governing statutes.

The United States Constitution states in Article VI Of The U.S. Constitution that:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the contrary notwithstanding."

Therefore, because judges nor special administrators wield no law making power, the laws of the state of Minnesota should be strictly adhered to in all matters, the Prince Nelson Estate no exception. Those laws and procedures for establishing paternity/heirship are listed in Minnesota statutes 257 and 524, respectively.

2] On October 6, 2017, I Ogeda Patrick, did file in Carver County First Judicial Court An Affidavit Of Heirship as well as Motion For Genetic Testing Of The Putative Father.

    54.01 Definition; Form

Judgment as used in these rules includes a decree and means the final determination of the rights of the parties in an action or proceeding. A judgment shall not contain a recital of pleadings, the report of a referee, or the record of prior proceedings.

**These filings were not responded to for nearly 8 weeks and when done so were not done so in the official capacity of an order signed by the presiding Judge as required by Minnesota law, but was responded to by the Special Administrator, attorneys for the Personal Representative (Comerica Bank and Trust), in the form of a letter mailed to my home. Response in this manner is a violation constitutional rights to due process.

3] After numerous subsequent filings by myself, Ogeda Patrick, including Writs Of Mandamus for each corresponding original filings on October 6, 2017, as well as, a Motion To Present Oral Evidence In Person, I was still yet unable to receive a hearing to determine parentage in accordance with Rule 371.10 of the Minnesota Rules Of General Practice. To make matters worse, when requesting myself to submit any evidence I had of a genetic relationship to Prince, I was instructed by the Court to do so through submission of a motion as if proving paternity can be done effectively in such a manner that is in total opposition to Minnesota's Code Of Judicial Conduct, which states:

**Rule 2.6 Ensuring the Right to Be Heard**

(A) "A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law."

In Johnson v. Hunter, (Johnson, 435 N.W.2d at 824) the Supreme Court of Minnesota found that:

E]stablishment of the parent-child relationship is the most fundamental right a child possesses to be equated in importance with personal liberty and the most basic constitutional rights." Ruddock v. Ohls, 91 Cal. App. 3d 271, 277-78, 154 Cal. Rptr. 87, 91 (1979); see also Gray v. Johnson, 7 Va.App. at ___, 376 S.E.2d at 791. Analogously, we have stated the right to establish family relations is "inherent and inalienable." Thiede v. Scandia Valley, 217 Minn. 218, 224-25, 14 N.W.2d 400, 405 (1944); see also State v. Gray, 413 N.W.2d 107, 111 (Minn.1987) (scope of constitutional right of privacy). Depriving Johnson of the basic right to establish parental relations arguably would not comport with the constitutional protection granted illegitimate children. See, e.g., Gomez v. Perez, 409 U.S. 535, 538, 93 S. Ct. 872, 875, 35 L. Ed. 2d 56 (1973) (state law denying right of paternal support to illegitimate children while granting right to legitimate children violates equal protection); Weber v. Aetna Casualty & Sur. Co., 406 U.S. 164, 165, 92 S. Ct. 1400, 1401, 31 L. Ed. 2d 768 (1972) (state's "denial of equal recovery rights to dependent unacknowledged illegitimates" is unconstitutional); Spada, 149 Mich.App. at 204-06, 385 N.W.2d at 750-51 (paternity statute unconstitutional because it did not provide child with remedy to determine parentage and support); Quaderer v. Forrest, 387 N.W.2d 453, 457 (Minn.App.1986) (departure from "child support guidelines based on whether or not the child's parents had been married" violates equal protection). We are reminded that "no child is responsible for his [or her] birth and penalizing the illegitimate child is an ineffectual as well as an unjust way of deterring the parent." Weber, 406 U.S. at 175, 92 S. Ct. at 1406.

Other constitutional concerns are raised because "[t]he child not a party and not adequately represented may not receive his or her day in court, and the fundamental due process right to be heard may be abridged." Gray v. Johnson, 7 Va.App. at ___, 376 S.E.2d at 791. The opportunity to be heard in a prior action also is an underlying policy reason allowing the application of res judicata. See Ellis v. Minneapolis Comm'n on Civil Rights, <u>319 N.W.2d 702</u>, 704 (Minn.1982); 4 Mason's § 2535, at 121. Because Johnson was not named as a party and was unrepresented in the 1969 action and because the issue of parentage has never been reached, it is difficult to say she had an adequate opportunity to be heard when her mother failed to appear for trial. At that point their interests differed. The court of appeals panel held Saunders' "unexcused failure [to appear in 1969] does not mean that she, and as a result Tia [Johnson], did not have an opportunity to litigate the issue of paternity." Johnson, 435 N.W.2d at 824. We disagree.

As well as, Minnesota Rules For General Practice, which states:

**Rule 371.10 Hearing Procedure**

Subdivision 1. Hearing Mandatory.

"A hearing shall be held to determine parentage, except as provided in subdivision 2. All parties shall appear at the hearing. If a party fails to appear at a hearing for which notice was properly served, the child support magistrate shall either refer the matter to district court or proceed pursuant to Rule 365.01. The hearing shall proceed pursuant to Rule 364, except that paternity hearings from commencement through adjudication shall be closed to the public. All hearings following entry of the order determining the parent and child relationship are open to the public."

Please note that this hearing was a mandatory hearing that the Court neglected to have and this too was a deprival of my constitutional rights to due process.

And finally, the U.S. Constitution's 14th Amendment states:

All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

In this filing, has been my intention to provide concise insight into the ways I have been deprived my rights of adjudication of paternity without due process of law and the manners in which I have been deprived of life, liberty, and property without due process of law. There is much urgency in the matter. There is a substantial amount of money involved and I feel professional security is a necessity. I am the Heir to the Prince estate, his biological son, albeit my constitutional rights to due process in proving so has been deprived of me, exposing me to danger and even some threats on my life.