UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Ogeda Lejuan Patrick, | Case No. 21-cv-1667 (WMW/HB) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT STATE OF MINNESOTA'S MOTION TO DISMISS** |
| State of Minnesota et al., | |
| Defendants. | |

_____

Before the Court is Defendant State of Minnesota's motion to dismiss. (Dkt. 13.) For the reasons addressed below, Minnesota's motion is granted and the Court dismisses the action as against the remaining defendants for failure to timely effect service.

## BACKGROUND

Plaintiff Ogeda Lejuan Patrick is a resident of the State of Georgia. Defendants are the State of Minnesota and other entities involved in a probate proceeding in Carver County District Court, First Judicial District, Probate Division, regarding the estate of recording artist Prince Rogers Nelson. Patrick filed this lawsuit to object to the manner in which the probate court adjudicated Patrick's paternity claim.

On May 18, 2016, the probate court entered an order regarding claims brought pursuant to the Parentage Act and the Probate Code. *In re Estate of Prince Rogers Nelson*, Case No. 10-PR-16-46 (Carver Cnty. May 18, 2016). The probate court, based on the request of the Special Administrator of the Estate, ordered procedures governing the adjudication of claims lodged by individuals who purport to be heirs of Prince Rogers Nelson and any subsequent genetic testing.

Patrick commenced this lawsuit on July 20, 2021, alleging that the probate court's protocol for evaluating paternity claims in *In re Estate of Prince Rogers Nelson* is inconsistent with state law. Patrick alleges that, because the probate court denied him genetic testing, the probate court violated state law, which Patrick alleges required the probate court to employ genetic testing when a child seeks to establish paternity. Patrick further alleges that the probate court's procedures for determining parentage violated his rights to procedural due process and equal protection under the Fourteenth Amendment to the United States Constitution.

## ANALYSIS

Minnesota first contends that Patrick's claims are barred because Minnesota is entitled to sovereign immunity. Sovereign immunity is a threshold issue, as it implicates a federal court's subject-matter jurisdiction. *Harmon Indus., Inc. v. Browner*, 191 F.3d 894, 903 (8th Cir. 1999). A defendant may challenge a plaintiff's complaint for lack of subject-matter jurisdiction either on its face or on the factual truthfulness of its averments. *See* Fed. R. Civ. P. 12(b)(1); *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge, as presented here, the nonmoving party "receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). As such, the Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).

The Eleventh Amendment to the United States Constitution entitles states to sovereign immunity, which prevents any federal court from exercising jurisdiction over a

lawsuit against a state.  U.S. Const. amend. XI; *accord Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996).  Sovereign immunity bars a plaintiff from suing a state or its agencies in federal court absent consent or congressional abrogation of immunity.  *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007); *Doe v. Nebraska*, 345 F.3d 593, 597 (8th Cir. 2003).  Sovereign immunity applies to claims that a state has violated or is not complying with state law.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).[1]  Minnesota has not consented to be sued in federal court with respect to probate court procedures or paternity determinations, and Patrick has not presented to the Court any authority suggesting the contrary.  Accordingly, the Court lacks subject-matter jurisdiction over Patrick's claims as asserted against Minnesota.  In light of this conclusion, the Court does not address Minnesota's alternative arguments in favor of dismissal.

In addition, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Patrick commenced this lawsuit on July 20, 2021.  On August 19, 2021, United States Magistrate Judge Hildy Bowbeer ordered Patrick to complete and return the Marshal Service Form for each defendant within 30 days.  Patrick failed to do so.  On October 7, 2021, the magistrate judge again ordered Patrick to return properly completed Marshal Service Forms for Defendants Comerica Bank & Trust, Fredrickson &

---

[1] A party may commence a lawsuit pursuant to 42 U.S.C. § 1983 against a "person who . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  The State of Minnesota is not a "person" under the terms of the statute and cannot be sued under Section 1983.

Byron Law Firm and Bremer Bank & Trust (Unserved Defendants). Patrick once again failed to do so. On this record, the Court concludes that Patrick did not serve Unserved Defendants within 90 days following the filing of the complaint. Pursuant to the Rule 4(m), the Court must dismiss this action without prejudice as to Unserved Defendants. Fed. R. Civ. P. 4(m).

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant State of Minnesota's motion to dismiss, (Dkt. 13), is **GRANTED**.

2. Plaintiff Ogeda Lejuan Patrick's claims against Defendant State of Minnesota are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

3. Plaintiff Ogeda Lejuan Patrick's claims against Defendants Comerica Bank & Trust, Fredrickson & Byron Law Firm and Bremer Bank & Trust are **DISMISSED WITHOUT PREJUDICE** for failure to effect timely service, as required by Federal Rule of Civil Procedure 4(m).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 28, 2022

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge

4